UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

———

**No. 19-2249**

———

**UNITED STATES OF AMERICA,**

Plaintiff-Appellant,

v.

**RAYNARD VERSATILE CROWE,**

Defendant-Appellee.

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
No. 11-cr-20481

————

**MOTION TO REMAND UNDER RULE 12.1(b)**

————

**FEDERAL COMMUNITY DEFENDER**

s/Colleen P. Fitzharris
Counsel for Raynard Versatile Crowe
613 Abbott St., Suite 500
Detroit, Michigan 48226
(313) 967-5542

Raynard Versatile Crowe, through his counsel Colleen Fitzharris, pursuant to Federal Rule of Appellate Procedure 12.1(b) moves this Court to remand in light of the district court's order indicating that it would grant Mr. Crowe's motion for compassionate release:

(1) The government has appealed Mr. Crowe's sentence imposed after the district court granted his 28 U.S.C. § 2255 motion and ordered resentencing.

(2) Oral argument took place on October 21, 2020.

(3) Mr. Crowe moved for a sentence reduction under 18 U.S.C. § 3582(c)(1), otherwise known as compassionate release, because he is vulnerable if he were infected with COVID-19. The district court does not have jurisdiction to grant this motion because of this pending appeal.

(4) Mr. Crowe filed a motion asking the district court to issue a ruling pursuant to Federal Rule of Criminal Procedure 37(a)(3) whether it would grant his motion for compassionate release.

(5) On November 6, 2020, the district court issued an order indicating that "it would **GRANT** Crowe's request for compassionate release if

the Sixth Circuit remanded for that purpose." (R. 331, Order Granting Indicative Ruling, PgID 4370) A copy of the order is attached to this notice.

(6) In light of the district court's indicative ruling, this Court "may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(b).

(7) Mr. Crowe requests that this Court remand to the district court for the purpose of granting compassionate release. Once that order is entered, Mr. Crowe will move to dismiss the appeal as moot because both the sentence and the basis for it will have changed. *See United States v. City of Detroit,* 401 F.3d 448, 450 (6th Cir.2005) ("A case becomes moot when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome.").

(8) This approach promotes judicial efficiency. this Court will not need to decide an important question of statutory interpretation, which has arguably already generated a circuit split. *Compare United States v. Uriarte*, 975 F.3d 596, 598 (7th Cir. 2020) (en banc), *with United States v. Hodge*, 948 F.3d 160,163 (3d Cir. 2020).

(9) In the event the government wishes to appeal the district court's decision, then it will have to file a fresh notice of appeal. *See Weatherspoon v. Dinsa*, No. 18-2112, 2019 WL 4843426, at \*1 (6th Cir. Apr. 26, 2019) ("Any party wishing to appeal a future adverse decision from the district court must file a notice of appeal from that decision.").

## CONCLUSION

This Court should remand for the purpose of allowing the district court to grant Raynard Crowe's motion for compassionate release.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

s/Colleen P. Fitzharris
Counsel for Raynard Versatile Crowe
613 Abbott St., Suite 500
Detroit, Michigan 48226
(313) 967-5542

Dated: November 16, 2020

## CERTIFICATE OF SERVICE

I certify that on November 16, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to opposing counsel of record.

                        **FEDERAL DEFENDER OFFICE**

                        <u>s/Colleen P. Fitzharris</u>
                        Counsel for Raynard Versatile Crowe
                        613 Abbott St., Suite 500
                        Detroit, Michigan 48226
                        (313) 967-5542

Dated: November 16, 2020